Slip Op. 25-88

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| KINGTOM ALUMINIO S.R.L., | : | |
| Plaintiff, | : | |
| and | : | |
| INDUSTRIAS FELICIANO ALUMINUM, INC., ET AL., | : | |
| Consolidated Plaintiffs, | : | Before: Richard K. Eaton, Judge |
| v. | : | Consol. Court No. 22-00079 |
| UNITED STATES, | : | |
| Defendant, | : | |
| and | : | |
| THE ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE, | : | |
| Defendant-Intervenor. | : | |

**OPINION**

[U.S. Department of Commerce's Final Results of Redetermination Pursuant to Court Remand are sustained.]

Dated:  July 9, 2025

*Donald B. Cameron*, *Julie C. Mendoza*, *R. Will Planert*, *Brady W. Mills*, *Mary S. Hodgins*, *Eugene Degnan*, *Jordan L. Fleischer*, *Nicholas C. Duffey*, and *Ryan R. Migeed*, Morris, Manning & Martin, LLP, of Washington, D.C. for Plaintiff Kingtom Aluminio S.r.L.

*Sarah Sprinkle* and *William Marshall*, Sandler, Travis & Rosenberg, P.A., of Washington, D.C. for Consolidated Plaintiffs Industrias Feliciano Aluminum, Inc.; JL Trading Corp.; Puertas y Ventanas; and J.M., Inc.

*Augustus Golden*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant the United States. With him on the brief were *Yaakov M. Roth*, Acting Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Reginald T. Blades, Jr.*, Assistant Director. Of Counsel on the brief was *Jesus N. Saenz*, Senior Attorney, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, D.C.

*Alan H. Price*, *Robert E. DeFrancesco, III*, *Elizabeth S. Lee*, *Paul A. Devamithran*, Wiley Rein LLP, of Washington, D.C. for Defendant-Intervenor The Aluminum Extrusions Fair Trade Committee.

Eaton, Judge: Before the court are the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Court Remand (Mar. 4, 2025), ECF No. 45-1 ("Remand Results"). *See* Order (Nov. 6, 2024), ECF No. 44 (granting Commerce's unopposed motion for remand). The Remand Results are uncontested.

Because Commerce complied with the court's remand order and the Remand Results are supported by substantial evidence and otherwise in accordance with law, and there being no issue for the court to adjudicate, the Remand Results are sustained.

## BACKGROUND

A countervailing duty order on aluminum extrusions from the People's Republic of China has been in place since 2011. *See Aluminum Extrusions From the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011) ("Countervailing Duty Order"). This case involves a challenge to final results of Commerce's 2019 administrative review of the Countervailing Duty Order, which covered the period of review from January 1, 2019, to December 31, 2019 ("POR"). *See Aluminum Extrusions From the People's Republic of China: Final Results of Countervailing Duty Administrative Review and Rescission of Review, in Part; 2019*, 87 Fed. Reg. 7,423 (Dep't of Commerce Feb. 9, 2022) ("Final Results") and accompanying Issues and Decision Mem. (Feb. 2, 2022) ("Final IDM"), PR 96, ECF No. 20-4.

Plaintiff Kingtom Aluminio S.r.L. ("Kingtom") is a manufacturer of aluminum extrusions in the Dominican Republic. Compl. ¶ 4, ECF No. 8. During the administrative review, Kingtom submitted a "no shipment" letter to Commerce, claiming "that it had no sales, shipments, or entries of subject merchandise during the POR." *See* Final IDM at 20.

In the Final Results, Commerce rejected Kingtom's no shipment claim based on a finding by U.S. Customs and Border Protection ("Customs"), in a separate proceeding, that Kingtom had violated the Enforce and Protect Act ("EAPA"). Specifically, Customs found that Chinese-origin extrusions were transshipped through Kingtom's factory in the Dominican Republic, thereby evading the Countervailing Duty Order, during a period that overlapped with the POR. Based on its affirmative determination of evasion, Customs amended the entry paperwork related to Kingtom's POR entries, recategorizing the entries from type 01 (non-subject merchandise) to type 03 (subject merchandise). *See* Remand Results at 2. Relying on Customs' determination "that the entries of aluminum extrusions by Kingtom during the periods covered by the EAPA proceedings (which overlap with the POR here) are subject to the [Countervailing Duty Order]," Commerce determined that Kingtom's POR entries were subject to examination in the 2019 administrative review of the order. Final IDM at 26.

Then, Customs' affirmative evasion determination was challenged in this Court in two separate actions: *Global Aluminum Distributor LLC v. United States*, Consol. Court No. 21-00198 ("*Global Aluminum*") and *H&E Home, Inc. v. United States*, Consol. Court No. 21-00337 ("*H&E Home*"). Ultimately, on remand, Customs reversed its evasion finding with respect to Kingtom in both cases. This Court sustained Customs' negative evasion determinations.[1] *See Global*

_____

[1]        As summarized by Commerce in the Remand Results:

*Aluminum Distrib. LLC v. United States*, 46 CIT __, __, 585 F. Supp. 3d 1352, 1354-55 (2022);

*H&E Home, Inc. v. United States*, 48 CIT __, __, 714 F. Supp. 3d 1353, 1356 (2024).

This litigation, contesting the Final Results of the 2019 administrative review of the Countervailing Duty Order, was stayed during the pendency of the EAPA cases, *Global Aluminum* and *H&E Home*.

Following Customs' negative evasion determinations in *Global Aluminum* and *H&E Home*, Commerce filed an unopposed motion in this action asking the court to remand the Final Results "to enable the Department of Commerce to revisit the record in light of remand results in *Global Aluminum* . . . and *H&E Home*." Def.'s Unopposed Mot. Voluntary Remand at 2, ECF No. 43.

The court lifted the stay in this case and granted Commerce's motion. The court ordered "that the case is remanded to Commerce to reconsider its determinations in the Final Results and the accompanying Final IDM, in light of the remand results of *Global Aluminum* and *H&E Home*, and, if appropriate, to reopen the record and to seek additional information and submissions as needed." Order at 3-4 (Nov. 6, 2024), ECF No. 44. A remand proceeding thus commenced and Commerce's Remand Results are now before the court.

---

In *Global Aluminum*, the Court sustained [Customs'] remand redetermination, which found that there "was not substantial evidence to support a finding of evasion" by Kingtom. Likewise, in *H&E Home*, the Court sustained [Customs'] remand redetermination, which found that "substantial evidence on the record as a whole does not support a finding of evasion" by Kingtom.

Remand Results at 5.

**DISCUSSION**

"The court shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). On remand, Commerce found that Kingtom had no shipments of subject merchandise during the POR:

> In the *Initiation Notice* for this administrative review, we stated that parties that had "no exports, sales, or entries" of subject merchandise during the POR must notify Commerce. Kingtom timely submitted a No Shipments Letter in response. Thereafter, Commerce followed its standard practice in cases where a party submits a statement of no shipments and issued instructions to Customs requesting data on any POR entries by the company in question. In verifying Kingtom's No Shipment Letter in this manner, we found the [sic] Kingtom's POR entries were classified as type 03. Now, however, with no finding of evasion, the basis for [Customs'] recategorization of Kingtom's POR entries as type 03 no longer exists. Absent the finding of evasion and [Customs'] recategorization of Kingtom's POR entries as type 03, we determine that the basis for finding that Kingtom had POR entries of subject merchandise also no longer exists. Consequently, in our Draft Results, we accepted Kingtom's No Shipments Letter and we found that that [sic] Kingtom had no shipments of subject merchandise during the POR.

Remand Results at 5-6. Therefore, Commerce determined that it would rescind the 2019 administrative review of the Countervailing Duty Order with respect to Kingtom:

> Upon a final and conclusive decision in this litigation, as appropriate, Commerce will publish in the Federal Register a notice of amended final results stating that, since there are no reviewable entries during the POR by Kingtom, the 2019 administrative review of the [countervailing duty] order on aluminum extrusions from China is rescinded with regard to Kingtom.

*Id.* at 6. In other words, on reconsideration of the negative evasion findings in *Global Aluminum* and *H&E Home* Commerce changed its earlier finding that Kingtom's POR entries were subject to the Countervailing Duty Order. There being no shipments of subject merchandise by Kingtom during the POR, Commerce rescinded the 2019 review with respect to Kingtom.

Commerce's remand findings are uncontested. Indeed, neither Kingtom nor the Consolidated Plaintiffs have filed comments on the Remand Results. *See* Letter to Court from Pl.

Kingtom Aluminio S.r.L. (May 15, 2025), ECF No. 53 (indicating no comments on Remand Results); Letter to Court from Consol. Pls. Industrias Feliciano Aluminum, Inc.; JL Trading Corp.; Puertas y Ventanas; and J.M., Inc. (May 16, 2025), ECF No. 54 (same).

For its part, Defendant-Intervenor The Aluminum Extrusions Fair Trade Committee "takes no position" on the Remand Results. *See* Def.-Int.'s Cmts. at 2, ECF No. 47. Defendant the United States ("Defendant") asks the court to sustain the uncontested Remand Results. Def.'s Cmts., ECF No. 48.

The court finds that Commerce complied with the court's remand instruction "to reconsider its determinations in the Final Results and the accompanying Final IDM, in light of the remand results of *Global Aluminum* and *H&E Home*, and, if appropriate, to reopen the record and to seek additional information and submissions as needed." Order (Nov. 6, 2024), ECF No. 44. Commerce found that it was not necessary to reopen the record "because all necessary information already exists on the underlying record of this proceeding." Remand Results at 5. In particular, Kingtom's no shipment letter supports Commerce's finding that Kingtom had no reviewable entries of subject merchandise during the POR. That being the case, Commerce's determination to rescind the 2019 administrative review of the Countervailing Duty Order with respect to Kingtom is supported by substantial evidence and otherwise in accordance with law.

There being no further issue for the court to adjudicate, the Remand Results are sustained.

## CONCLUSION

Based on the foregoing, Commerce's Remand Results are sustained.

Judgment shall be entered accordingly.

Dated:  July 9, 2025                              /s/ Richard K. Eaton
        New York, New York                              Judge